this by any act of Charles W. Mather. It is true that as to the property they acquire no better title than Charles W. Mather had, but as to the method of the enjoyment of their estate they are quite independent of, and not bound by any acts of, Charles W. Mather. The statement and act of Charles could only affect his estate and his enjoyment of the property, and therefore the tax was properly levied against him, as, upon his own statement, he claimed under the will; but he did not assume to bind his heirs, nor would they be estopped by his statement had he so assumed. No tax has ever been assessed against them, they have promptly asserted their rights, and, upon the first opportunity to be heard, have elected to stand upon their title under the deed. They have been guilty of no laches, and no valid reason has been presented for estopping them from so doing.

The order of the surrogate must be affirmed, with $10 costs and disbursements. All concur, except HISCOCK, J., who dissents from that portion of the order which relieves the heirs from taxation upon the Arcade property.

---

(89 App. Div. 596.)

### HEROLD v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. January 8, 1904.)

1. NEGLIGENCE—PERSONAL INJURIES—EXCESSIVE VERDICT.
   Where a physician with a practice of about $6,000 a year had his leg from the knee down crushed and bruised, so that he was confined to his bed from May 31, 1900, to July 2d, and to his house until July 12th, and was compelled to use crutches until August, and for six weeks thereafter used a cane, and at the date of the trial, April 30, 1903, was obliged to wear a steel plate in his shoe, and was prevented from taking long walks, and there was evidence from which the jury could infer that his pecuniary loss was substantial for the two years that had intervened, a verdict for $12,000 was excessive, and should be reduced to $7,783.

Appeal from Trial Term, New York County.

Action by Justin Herold against the Metropolitan Street Railway Company. From a judgment for plaintiff, and from an order denying new trial, defendant appeals. Affirmed conditionally.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-LIN, O'BRIEN, and INGRAHAM, JJ.

Charles F. Brown, for appellant.
Stephen C. Baldwin, for respondent.

O'BRIEN, J. The only question upon this appeal is whether the verdict for $12,000 is excessive. The plaintiff has been a physician for 22 years, and at the time of the accident his practice was worth about $6,000 a year. Under the pleadings the learned trial judge in his charge to the jury correctly confined their consideration in assessing the damages to two items: First, compensation for the injuries inflicted and the consequent pain endured; and, second, pecuniary loss sustained by reason of impaired earning capacity. With respect to the first it appeared that the plaintiff's right leg from the knee down was crushed and bruised to such an extent that it was

necessary to remove him in an ambulance, and he was thereafter confined to his bed from May 31, 1900, the date of the accident, to July 2, 1900, and to his house until July 12th, when he was able to go out on crutches, which he continued to use until August, and for six weeks thereafter he found it necessary to use a cane in walking. His ankle undoubtedly suffered a severe injury, so that to the date of the trial he was obliged to wear a steel plate in his shoe to support the ankle, and he is prevented from taking long walks. This, it was shown, to some extent interfered with his practice, because it rendered him incapable of moving about readily, as he formerly did, owing to pain and weakness in his leg and foot. The plaintiff also claimed, as the result of the injuries, that his leg had decreased in size, and that there was a flattening of the arch of the foot, but the extent to which these existed, and whether due or not to the accident, were disputed questions of fact for the jury's consideration. With respect to the second item—the impairment of the doctor's earning capacity—there was evidence from which the jury could infer that his pecuniary loss from this cause was substantial for the two years that had intervened between May 31, 1900, when the accident occurred, and April 30, 1903, when the trial took place.

This testimony as to the character of the injuries shows that the damages awarded of $12,000 were excessive, and out of proportion to verdicts which, in cases of similar injuries, have been allowed to stand. Our conclusion therefore is that the verdict is excessive, and the judgment and order should be set aside, and a new trial granted, unless the plaintiff shall stipulate to reduce the judgment as entered to the sum of $7,783.58, in which event the judgment, as thus modified, and the order appealed from, should be affirmed, without costs of this appeal. All concur.